Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**JACOB R. TAULMAN**
Public Defender
Kentland, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Feb 06 2013, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

AMBER D. COURTNEY,                    )
                                      )
    Appellant-Defendant,             )
                                      )
        vs.              )     No.  56A03-1206-CR-282
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.              )

APPEAL FROM THE NEWTON SUPERIOR COURT
The Honorable Daniel J. Molter, Judge
Cause No. 56D01-1103-FB-1

**February 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Following her guilty plea to possession of a narcotic drug, a Class B felony, because it occurred within 1,000 feet of a family housing complex,[1] Amber D. Courtney appeals her sentence claiming that it is inappropriate in light of the nature of her offense and her character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In March of 2012, the Jasper County Probation Department received information that Courtney, who was then on probation, was in possession of illegal drugs. The department conducted a check of her residence, and Courtney produced heroin and a hypodermic needle that she used to inject it and admitted that the heroin belonged to her.

Courtney was charged with possession of a narcotic drug and with being an habitual offender. Pursuant to a plea agreement, Courtney pleaded guilty to the possession charge, and the State dismissed the habitual offender enhancement. The trial court sentenced Courtney to fourteen years with ten years executed in the Indiana Department of Correction ("DOC") and four years suspended to probation. Courtney now appeals.

## DISCUSSION AND DECISION

Courtney contends that her sentence is inappropriate in light of the nature of her offense and her character under Indiana Appellate Rule 7(B), which provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the

---

[1] *See* Ind. Code § 35-48-4-6.

offense and the character of the offender." "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, the rule is an authorization to revise sentences when certain broad conditions are satisfied." *Purvis v. State,* 829 N.E.2d 572, 587 (Ind. Ct. App 2005), *trans. denied, cert. denied* 547 U.S. 1026 (2006). The defendant has the burden of persuading us that her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

Here, although there is nothing particularly egregious about the nature of the offense, Courtney's character proves otherwise. She has prior convictions, including operating a motor vehicle while intoxicated, reckless driving, and possession of a controlled substance. In addition, she was found to have violated her probation on a prior occasion and was on probation when she committed her current crime. The trial court's grants of leniency and repeated attempts to effect rehabilitation through probation have not been successful. Courtney has failed to carry her burden of persuading this Court that her sentence is inappropriate.

Affirmed.

MATHIAS, J., and CRONE, J., concur.